being the amount of disbursements he allowed. The disbursements I allow are $279.32, on which a commission of 2 per cent. is $5.59. From the foregoing conclusions it results that the bill should be taxed at $1,067.36 instead of $992.09, and I have so taxed it.

## Case No. 7,422.

### In re JOHNSTON.

[See Case No. 7,421.]

## Case No. 7,423.

### In re JOHNSTON.

[14 N. B. R. 569.] [1]

Circuit Court, N. D. Illinois. Nov., 1876.

Tenneys, Flower & Abercrombie, for witness.

Becker & Dale, for assignee.

BLODGETT, District Judge. Under sections 5003, 5087, Rev. St., such commission may issue, and the attendance of the witness before the commissioner enforced, or the witness punished for contempt in case of refusal to testify.

[1] [Reprinted by permission.]

## Case No. 7,424.

### In re JOHNSTON.

[25 Pittsb. Leg. J. 141.]

District Court, W. D. Pennsylvania. Jan. 29, 1878.

By SAMUEL HARPER, Register:

To the Honorable Winthrop W. Ketcham, Judge of Said Court:

When the petition for adjudication in bankruptcy against James H. Johnston was filed, his personal property was under levy by virtue of an execution issued on a judgment in favor of Joseph C. Grubb & Co., for the real debt of $20,000. Proceedings under the execution were enjoined, and after the appointment of an assignee, he was allowed, by order of court, to sell the personal property at private sale. The sale having been completed, he filed his account in court, which was referred to me to ascertain and liquidate the liens against the fund and prepare a schedule of distribution. The only lien against it is that of Joseph C. Grubb & Co., above referred to. Two questions arise on